UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD GEORGE BAILEY,

v.  Case No. 8:08-cr-529-T-17MAP
 8:10-cv-1872-T-17MAP

UNITED STATES OF AMERICA.

---

ORDER

This cause is before the Court on Richard George Bailey's timely-filed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate") (Doc. CV-1; CR-206) filed on August 20, 2010; the Government's Response in Opposition to Bailey's Motion to Vacate (Doc. CV-10) filed on December 27, 2010; Bailey's Reply (Doc. CV-14) filed on February 11, 2011; and the Government's Response to Bailey's Reply (Doc. CV-17) filed on February 28, 2011. A review of the record and applicable law demonstrates that, for the following reasons, Bailey's motion to vacate must be **denied**.

## BACKGROUND AND PROCEDURAL HISTORY

On December 16, 2008, a federal grand jury charged Richard Bailey and several others with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One). Doc. CR-26. The Government filed an Information and Notice of Prior Conviction, pursuant to 28 U.S.C. § 851, to advise this Court that Bailey would be subject to increased punishment upon conviction, including enhancement of the mandatory minimum term of imprisonment, because of a prior felony drug conviction. Doc.

1

CR-52; PSR ¶¶ 49, 90. Bailey pled guilty to Count One of the indictment pursuant to a plea agreement. Doc. CR-61; CR-210. His plea agreement contained an appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. CR-61 at 12 (emphasis in original). In addition, Bailey's plea agreement included a substantial assistance provision, which stated, in part:

> If . . . cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b) . . . [T]he defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

*Id.* at 5.

On April 7, 2009, Magistrate Judge Pizzo held Bailey's change of plea hearing. Doc. CR-210. At that time, the Court conducted a standard Fed. R. Crim. P. 11 colloquy (Doc. CR-210) and specifically reviewed both the appeal waiver (*id.* at 26–28) and the substantial assistance provision. *Id.* at 8–9. When asked whether he understood the appeal wavier, Bailey responded affirmatively. *Id.* at 28. When reviewing the substantial assistance provision, the Court emphasized:

> In this part of your plea agreement, Mr. Bailey, you say that you will accept whatever decision the Government makes about your cooperation and not complain about it in court. What this means is that if you cooperate and do your best but the Government were to decide that your cooperation wasn't valuable enough, it did not assist them substantially and, therefore, the prosecutor did not ask the judge to reduce your sentence because of your cooperation, you agree to accept that decision and not complain about it in court. Do you understand that?

Bailey responded: "Yes, Your Honor." *Id.* at 9.

When the magistrate judge asked Bailey how he wished to plead, he responded that he wished to plead guilty. *Id.* at 31. Bailey agreed with the factual basis used to support the plea and admitted that he had agreed to participate with others to distribute and to possess with intent to distribute five or more kilograms of cocaine, as charged in the indictment. *Id.* at 31–32. The Court determined that Bailey was competent and capable of entering an informed plea and that he was doing so knowingly and voluntarily. *Id.* at 34.

On May 4, 2009, the undersigned United States District Judge accepted Bailey's guilty plea and adjudicated him guilty. Doc. CR-94. The district judge also advised defense counsel, Anne F. Borghetti, of her duty to review the Presentence Investigation Report (PSR) with Bailey prior to sentencing. *Id.*

On August 20, 2009, the Government filed a motion to recognize Bailey's substantial assistance pursuant to U.S.S.G § 5K1.1. Doc. CR-113. The Government requested a two-level reduction in Bailey's offense level. *Id.* At Bailey's sentencing hearing on August 21, 2009, the Government explained why it requested a reduction:

> While cooperating with the government . . . the defendant made a commitment to the government . . . in regard to sentencing issues which concerned his son, Jermaine Bailey, a co-defendant in this case. The defendant would in fact assist the government in establishing information which was originally in dispute in regard to Mr. Jermaine Bailey's sentencing, and would testify and will testify if called to do so in regard to any sentencing issue which is raised in that case.

Doc. CR-180 at 6. In summary, the Government stated: "We simply make the motion based on Mr. Bailey's willingness to actually testify against a family member if called upon to do so in regard to sentencing information." *Id.* at 8. This Court granted the Government's § 5K1.1 motion, determining the two-level reduction to be appropriate. *Id.* at 12.

At the sentencing hearing, the Government also discussed the possibility that it would file a Motion to Correct or Reduce a Sentence, pursuant to Fed. R. Crim. P. 35, based on Bailey's assistance subsequent to sentencing. Doc. CR-180 at 7–8. The Government stated: "[S]hould there be any additional information which law enforcement is able to follow-up on in regard to ... information outside the charged conspiracies in this case, then there's a potential for a Rule 35." *Id.* at 8. However, the Government could not "give [this] Court any indication as to the likelihood of ... that occurring." *Id.*

This Court imposed a low-end guidelines sentence of 262 months imprisonment[1] and a ten-year term of supervised release. *Id.* at 12–13; Doc. CR-122. No direct appeal followed.

On August 20, 2010, Bailey filed the instant 28 U.S.C. § 2255 motion in which he asserts the following claims: (1) his plea was not knowing or voluntary because his counsel was ineffective (Doc. CV-1 at 5; CV-2 at 6–17); (2) the Government violated the terms of his plea agreement by not filing a Fed. R. Crim. P. 35 motion (hereinafter "Rule 35 motion") to further reduce his sentence (Doc. CV-1 at 5; CV-2 at 6–17); and (3) he was neither "served with" his PSR nor afforded an opportunity to review it because his counsel was ineffective. Doc. CV-1 at 6; CV-2 at 18–25. Bailey later retained counsel to file his reply to the Government's response. In the reply, counsel attempts to clarify Bailey's third claim, stating that Bailey "is actually arguing

---

[1] Bailey started with a total offense level of 41 and a criminal history category of I. Doc. CR-180 at 5; PSR ¶¶ 37–50. The two-level reduction placed Bailey at level 39, which suggests a range of 262–327 months imprisonment. Doc. CR-180 at 7.

4

that his trial counsel was ineffective for failing to object to the erroneously calculated base offense level contained within his presentence report." Doc. CV-14 at 2 (citing CV-2 at 22).

In response, the Government argues: (1) the record demonstrates that Bailey's plea was knowing and voluntary (Doc. CV-10 at 11–13); (2) the decision not to file a Rule 35 motion is within the Government's discretion (*id.* at 9–11); and (3) the record demonstrates that Bailey's counsel reviewed the PSR with him prior to sentencing. *Id.* at 13–14. Lastly, in response to Bailey's claim that his counsel was ineffective for failing to object to an erroneously calculated base offense level, the Government asserts that Bailey has waived the issue. Doc. CV-17 at 2, 5.

## FACTS

Beginning from an unknown date and continuing through November 2008, Richard Bailey and his brother, Mark Bailey, operated a cocaine distribution conspiracy in central Florida. PSR ¶ 9. Information from a confidential source led law enforcement to connect Richard Bailey and another co-conspirator, Antonio Simmons, with the sale of cocaine, cocaine base, and marijuana taking place at a residence in St. Petersburg, Florida. *Id.* ¶ 10. Another confidential source confirmed that he sold and transported at least twenty-five kilograms of cocaine from 2005–2007 for Simmons, who obtained at least six kilograms of cocaine from Mark Bailey on a weekly basis. *Id.* ¶ 11. A third confidential source corroborated that Richard Bailey trafficked cocaine in the Tampa Bay area and distributed the cocaine to Simmons. *Id.* ¶ 13. Furthermore, the third source confirmed that Bailey's son, Jermaine Richard Bailey, transported money for the organization. *Id.*

An undercover officer bought two ounces of cocaine from Simmons in July 2008. *Id.* ¶ 14. In September 2008, law enforcement observed Richard Bailey and Kevin Patterson, later determined to be a courier, placing a white trash bag in the trunk of a vehicle outside of a

residence in Broward County, Florida. *Id.* ¶¶ 16, 18. Richard Bailey and Patterson subsequently drove to a trash compactor, where they deposited the bag. *Id.* ¶ 16. Law enforcement recovered the bag and inspected it, finding evidence associated with drug sales. *Id.*

At a legal traffic stop in November 2008, law enforcement found Patterson transporting cocaine, and he admitted to delivering at least 100 kilograms of cocaine to Pinellas County. *Id.* ¶ 20. At the time of the stop, Patterson was driving Mark Bailey's vehicle. *Id.* ¶ 21. Patterson also admitted that he worked for Richard Bailey and that he was responsible for delivering over 200 kilograms of cocaine. *Id.* Richard Bailey confirmed these statements. *Id.* ¶ 25. Simmons, post-arrest, admitted to receiving over seventy-five kilograms of cocaine from Richard Bailey, Mark Bailey, and Patterson. *Id.* ¶ 23. Pursuant to a warrant, law enforcement recovered evidence linking a residence in Miramar, Florida with cocaine processing and drug proceeds, including a firearm and documents connecting Richard Bailey and Mark Bailey with the residence. *Id.* ¶ 24. Mark Bailey, described as the "financier of the operation," leased the Miramar residence as well as two vehicles used to transport the cocaine. *Id.* ¶ 28. Richard Bailey and Mark Bailey were co-leaders of the drug organization. *Id.* ¶¶ 27–28.

## APPEAL WAIVER

The right to appeal is statutory and can be waived knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the United States need only demonstrate (1) that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy; or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a § 2255 proceeding. *Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341–44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508–09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451–52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183–87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069–70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to § 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the claim underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim was also waived. *Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[] meaningless" such plea agreement waivers).

However, an appeal waiver does not bar a § 2255 claim that the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974 (11th Cir. 2007). "A decision to enter into a plea agreement cannot be

7

knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases." *Id.*

After filing his motion, Richard Bailey retained an attorney to file his reply. Instead of asking the Court for permission to file an amended motion to vacate, Bailey's counsel asserted a new argument in the reply, arguing that Bailey was deprived of his right to effective assistance of counsel because his trial counsel failed to object to Bailey's erroneously calculated base offense level. Doc. CV-14 at 2, 4–5. Because Bailey pled guilty to conspiracy to distribute five kilograms or more of cocaine, he argues that "under [his] plea agreement there was no basis for calculating [his] base offense level based upon a conspiracy involving one hundred fifty (150) kilograms or more of cocaine"[2] *Id.* at 4; CR-61 at 1. Bailey references the factual basis supporting his plea, which states that he "participated in an unlawful agreement to possess with intent to distribute 5 kilograms or more of cocaine" and that "law enforcement seized 6 kilograms of cocaine" that Patterson was to deliver on Bailey's behalf. Doc. CR-61 at 14–15. Citing *Johnson v. United States*, 313 F.3d 815 (2d Cir. 2002), Bailey asserts: (1) that his trial counsel's representation was deficient because she did not recognize the alleged error and object to it (Doc. CR-14 at 14); and (2) that Bailey was prejudiced by the deficient representation because "there is a reasonable probability that [he] would have received a shorter sentence" but for the alleged error. *Id.*

**Richard Bailey Waived the Right to Challenge His Base Offense Level Calculation**

At his change of plea hearing, the Court advised Bailey of the appeal waiver contained in his plea agreement during the Fed. R. Crim. P. 11 colloquy:

---

[2] Bailey emphasizes the difference between the base offense level associated with conspiracy involving five kilograms or more of cocaine (32) and that associated with conspiracy involving 150 kilograms or more of cocaine (38). Doc. CV-14 at 4.

8

> What this paragraph says . . . is that you are limiting your right to complain about your sentence in court, either on appeal to the court of appeals or at the district court level, the trial court level. And you could only complain about your sentence on the specific grounds listed in this paragraph. And those are the grounds that the sentence exceeds your applicable guideline range as the Court determines it to be, the ground that the sentence exceeds the statutory maximum penalty, which in both of your cases that would be impossible because each of you faces a potential life sentence, the ground that the sentence violates the Eighth Amendment to the Constitution which prohibits cruel and unusual punishment, or if the government appeals, then you can appeal.
>
> Unless one of those events occurs, you are giving up your right to appeal or the right to what's called collaterally challenge your sentence, the right to challenge your sentence in the district court in a 2255 petition or habeas petition. You're also giving up your right to challenge the effectiveness of your attorney at the sentencing proceedings because you are limited to these grounds and these grounds only.

Doc. CR-210 at 26–28. When asked whether he understood the appeal waiver, Bailey responded "Yes, Your Honor." *Id.* at 28. Thus, the record reflects that the Court specifically questioned Bailey on the appeal waiver, and Bailey understood the significance of the waiver.

Bailey does not assert that his sentence falls within one of the exceptions to the waiver. Doc. CR-61 at 12. He does not argue that his sentence (1) "exceeds the . . . applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines"[3] (*id.* at 12); (2) "exceeds the statutory maximum penalty"[4] (*id.*); or (3) "violates the Eighth Amendment to the Constitution" *Id.* Instead, Bailey argues that this Court erred in determining the applicable guidelines range because it used an incorrect basis to calculate his base offense level. Doc. CV-14 at 4.

---

[3] Bailey's 262-month sentence is below the guidelines for a defendant who scores an offense level 41 and a criminal history category I. PSR ¶ 91. In addition, when Bailey's two-level reduction is taken into account, his sentence is at the low end for a defendant who scores an offense level 39 and a criminal history category I. Doc. 180 at 7, 12.

[4] The applicable statutory provision, 21 U.S.C. § 841(b)(1)(A), requires a minimum term of imprisonment of 20 years and a maximum term of life imprisonment. *Id.* ¶ 89. Bailey's sentence was not an upward departure or above the statutorily authorized maximum sentence of life imprisonment.

Bailey's claim is merely an attack upon this Court's interpretation and application of the sentencing guidelines, which is not cognizable on collateral attack under § 2255. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Burke v. United States*, 152 F.3d 1329, 1331–32 (11th Cir. 1998). To allow this challenge now, in the guise of an ineffective-assistance claim, would render collateral review nothing more than a substitute for direct appeal, which is not the purpose of § 2255. *Burke*, 152 F.3d at 1331. Consequently, Bailey has waived the right to appeal his sentence, directly or collaterally, on this ground because it addresses the manner in which his sentence was determined, rather than the validity of his plea or the waiver. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *Davila v. United States*, 258 F.3d 448, 451–52 (6th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998).

However, even if Bailey had not waived the right to appeal his sentence on this ground, his argument would still not be persuasive. The Sentencing Guidelines establish the base offense levels for drug offenses according to the quantity of drugs attributable to the defendant. USSG §2D1.1. Section 2D1.1(c) provides: "Unless otherwise specified, the weight of a controlled substance, as set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Note (A) to USSG §2D1.1(c). "The Government must establish the drug quantity by a preponderance of the evidence." *United States v. Mertilus*, 111 F.3d 870, 873 (11th Cir. 1997).

In a drug conspiracy, a defendant may be held accountable not only for his own acts but also for "'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.'" *United States v. Beasley*, 2 F.3d 1551, 1561 (11th Cir. 1993) (quoting USSG §1B1.3(a)(1)(B)). "Thus, the Guidelines require a district court to attribute to a

defendant all drugs foreseeably distributed pursuant to a common scheme or plan of which that defendant's offense of conviction was a part." *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir.1995).

Richard Bailey and his brother, Mark Bailey, were co-leaders of a drug organization that obtained and distributed kilogram quantities of cocaine. PSR ¶ 27. Confidential sources corroborated the quantity of cocaine with which the organization was involved. *Id.* ¶¶ 10, 11, 13. The probation officer, following a review of the facts in the plea agreement, the criminal complaint, and information received from the Drug Enforcement Administration case agent, determined that Richard Bailey was accountable for over 150 kilograms of cocaine. *Id.* ¶¶ 27, 38. At Bailey's sentencing hearing, there were no objections to the factual statements or application of the guidelines as contained in the PSR. Doc. CR-180 at 4–5. Thus, this Court adopted those statements and the guideline applications as its findings of fact. *Id.*

Bailey admitted under oath to knowingly and willfully participating in a conspiracy involving two or more people who voluntarily agreed to pursue an unlawful objective: the possession and distribution of cocaine. CR-210 at 32. Moreover, at least one member of the conspiracy knowingly committed an overt act to further that objective. PSR ¶¶ 9–32. Thus, the elements necessary to establish the existence of a conspiracy, as outlined in *United States v. Cross*, 928 F.2d 1030, 1042 (11th Cir. 1991), are satisfied. Bailey's knowledge of, and membership in, the conspiracy may be proven by the acts he took to further it. *Id.* at 1042. In addition, the plea colloquy (Doc. CR-210) establishes that Bailey knew the essential objectives of the conspiracy and actively participated in accomplishing them. *United States v. Smith*, 700 F.2d 627, 632 (11th Cir. 1983).

Bailey's responsibility for the amount of drugs attributable to that conspiracy is based on the vicarious liability doctrine set forth in *Pinkerton v. United States*, 328 U.S. 640 (1946) (defendant charged with conspiracy can be convicted of substantive offenses committed by co-conspirators). Bailey has neither negated his involvement in the conspiracy nor disputed the determination of the quantity of drugs involved in the conspiracy. Bailey also fails to suggest what witnesses or evidence his attorney could have presented at sentencing that would have changed his guidelines calculations.

## COGNIZABILITY

Ineffective assistance of counsel claims are cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F. 3d 1225, 1234 n. 17 (11th Cir. 2004). Thus, Bailey's claim that his plea was not knowing and voluntary because of ineffectiveness of counsel and his claim that he did not have an opportunity to review his PSR prior to sentencing because of ineffectiveness of counsel are both cognizable under § 2255.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of

reasonable professional assistance, and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Thus, if the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Id.*

For performance to be deficient, the defendant must establish that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *Id.* at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally-compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Id.* This burden of persuasion, though not insurmountable, is a heavy one. *Id.* at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689–90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel

13

claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Id.* at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion on the best course to follow to protect the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52 at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

## DISCUSSION

### The Plea Was Knowing and Voluntary

The record demonstrates that Bailey desired to plead guilty and that he fully understood what he was doing. At his change of plea hearing, the Court advised Bailey of the charge to which he was pleading and the elements of the offense. Doc. CR-210 at 7, 30–31. The Court also advised Bailey of the penalties he was facing (*id.* at 21–24) and the rights he was waiving. *Id.* at 21, 28–29. When the Court questioned Bailey on his understanding of the plea agreement, Bailey

stated he understood: (1) the charge (*id.* at 31); (2) the potential penalties, including a mandatory minimum sentence of twenty years and a maximum sentence of life imprisonment (*id.* at 21–24); (3) the rights he was giving up (*id.* at 21, 29); (4) the benefits the plea agreement afforded him (*id.* at 7–9); and (5) how this Court would calculate his sentence. *Id.* at 24–25. In addition, Bailey indicated: (1) he was not promised anything, other than what was in the plea agreement (*id.* at 11, 28); (2) he was pleading guilty free from force or threat (*id.* at 11); (3) he was satisfied with his plea agreement (*id.* at 28) and (4) he was satisfied with his attorney. *Id.* at 30.

When the Court asked Bailey how he wished to plead, Bailey replied, "Guilty, Your Honor." *Id.* at 31. The Court then stated that the plea agreement contained a factual basis and asked whether Bailey had carefully read the factual basis and whether the information, as it applied to him, was true and correct. *Id.* at 32. Bailey answered, "Yes, Your Honor." *Id.*

Following, the Court asked counsel if she was satisfied that her client was entering his guilty plea knowingly and voluntarily and with a full understanding of the consequences. *Id.* at 33. Counsel held a discussion with Bailey, off the record, and then advised the Court, "We're good[,]" to which the Court then asked, "Are you satisfied that he's entering his plea knowing and voluntarily?" *Id.* Counsel replied, "Yes, I am, Your Honor." *Id.* The Court asked if Bailey required additional time to discuss his case with counsel, to which Bailey replied that he did not. *Id.* at 33–34. The Court further asked if Bailey was still comfortable in pleading guilty, to which he replied that he was. *Id.* at 34. Thus, the Court found that Bailey was "competent and capable of entering an informed plea, and that [his] plea [was] knowingly and voluntarily made." *Id.*

The record in this case, which demonstrates that the Court conducted a thorough Rule 11 plea colloquy, establishes that Bailey's plea was knowing and voluntary. The district court has three "core concerns" regarding a Rule 11 plea colloquy: "(1) ensuring that the guilty plea is free

of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003) (citing *United States v. Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003)). The record reflects that Bailey's plea was free from coercion (Doc. CR-210 at 11), that he understood the nature of the charges against him (*id.* at 7, 30-31), and that he was aware of the consequences of his plea. *Id.* at 21-24, 28-29.

Even if this Court were to find deficient performance by Bailey's trial counsel, he would not be entitled to relief because he has not satisfied the prejudice prong of *Strickland*. A defendant who alleges ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Because Bailey fails to allege that he would have pleaded guilty but for his trial counsel's alleged ineffectiveness, he has not established that he was prejudiced by counsel's actions. Thus, Bailey has not satisfied the second prong of *Strickland*, and this Court must reject Bailey's claim.

### The Government Did Not Breach the Plea Agreement

The decision not to file a Rule 35 motion is within the Government's discretion unless the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end. *Wade v. United States*, 504 U.S. 181, 185 (1992). A defendant who merely alleges in a conclusory manner that the Government acted with an improper motive is not entitled to a remedy or even an evidentiary hearing. *Id.* at 186. Furthermore, when the plea agreement requires the Government only to "consider" filing a motion to recognize substantial assistance, as does Bailey's plea agreement (Doc. CR-61 at 4), the Government does not breach the agreement by failing to file such a motion. *United States v. Forney*, 9 F.3d 1492, 1500-02

(11th Cir. 1993). This Court's review of Bailey's claim is appropriate only if "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *Id.* at 1502. Bailey has failed to even allege that the Government's decision not to file a Rule 35 motion was based on an impermissible factor.

### Opportunity to Review PSR

At the sentencing proceeding, both Bailey and his attorney responded affirmatively when this Court asked whether they had read and discussed his PSR. Doc. CR-180 at 4. Bailey contends in his motion to vacate that he was neither "served with" his PSR nor afforded an opportunity to review it. Doc. CV-1 at 6; CV-2 at 19–23. The record indicates, however, that Bailey was aware of the information contained in the PSR and that his trial counsel reviewed the PSR with him prior to sentencing.

Attached to Bailey's Motion for Permission to File a Memorandum of Law in Support of the Filed 28 U.S.C § 2255 Motion (Doc. CV-2) are what appear to be clarifications that Bailey wished to make to his PSR (Defendant Richard George Bailey's Written Clarifications to Material Information, Sentencing Classifications, Sentencing Guidelines Ranges and Policy Statements). Doc. CV-2 at 31. Because this document was not filed in the criminal case and contains no certificate of service, it appears the document was sent directly to the probation office. Because the "clarifications" that Bailey requested in this document were actually made by probation to the PSR issued on August 12, 2009, one can deduce that Bailey saw, read, and went over the PSR.

Bailey argues that he was not "served" with a copy of his PSR. Doc. CV-1 at 5, Doc. CV-2 at 18–23. "Even if Defendant fail[s] to receive the PSR, however, [if] the Court finds that the

evidence shows that [defendant's counsel] went over the provisions in the PSR with Defendant . . . [a]ny prejudice that Defendant would have encountered by not actually receiving a copy of the report [is] effectively expunged." *United States v. Klimovitz*, No. 1:08-CR- 283, 2010WL1994184, at *11 (M.D. Pa. May 18, 2010). Thus, because the record demonstrates that Bailey had an opportunity to review his PSR with counsel, whether he received his own copy of the PSR is not determinative of the outcome of this case.

Furthermore, the arguments Bailey asserts in his reply are not persuasive. *See* pages 6–12.

Accordingly, the Court orders:

That Bailey's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct Sentence (Doc. CV-1; CR-206) is denied. The Clerk is directed to enter judgment against Bailey and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537

U.S. 322, 335–36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, this __14th__ day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE