UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                 CASE NO. 8:08-CR-529-T-17MAP

RICHARD GEORGE BAILEY.

_____/

ORDER

This cause is before the Court on:

Dkt. 253     Motion for Rule 35
Dkt. 254     Sealed Correspondence

Defendant Richard George Bailey, pro se, requests that the Court reduce Defendant Bailey's sentence.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam); Trawinski v. United Technologies, 313 F.3d 1295, 1297 -1298 (11th Cir. 2002).

I. Background

After entering into a Plea Agreement (Dkt. 61), Defendant Richard George Bailey was sentenced on August 21, 2009 to a term of imprisonment of 262 months, followed by 120 months of supervised release, and a special assessment of $100.00. The forfeiture of approximately $18,400. was also included in Defendant Bailey's sentence (Dkts. 121, 122). At the time of sentencing, the Court granted the Government's 5k1.1 Motion (Dkt. 113). At sentencing, the Government acknowledged

Case No. 8:08-CR-529-T-17MAP

the potential for a Rule 35. (Dkt. 180, pp. 7-8).

After sentencing, on August 20, 2010, Defendant Bailey filed a Motion to Vacate under 28 U.S.C. Sec. 2255 (Dkt. 206). The Court denied the Motion (Dkt. 215). On July 6, 2012, Defendant Bailey filed an additional Motion to Vacate under Sec. 2255 (Dkt. 217), which the Court denied (Dkt. 219).

Defendant Bailey filed a Motion for Retroactive Application of the Sentencing Guidelines (Dkt. 238). The Federal Public Defendant was appointed to represent Defendant Bailey (Dkt. 243). The U.S. Probation Office filed its Amendment 782 Memorandum (Dkt. 247). Thereafter, Defendant Bailey filed a pro se Motion for Retroactive Application of the Sentencing Guidelines (Dkt. 251), which the Court denied without prejudice (Dkt. 252).

II. Discussion

In Defendant Bailey's Motion (Dkt. 253), Defendant Bailey has requested that the Court "grant [Defendant] leniency based on the new law" – i.e. reduce Defendant Bailey's sentence based on Defendant's post-sentencing participation in educational and other pursuits while in custody, pursuant to Amendment 782. The Court denied Defendant Bailey's request without prejudice, as Defendant Bailey is represented by counsel as to Defendant Bailey's request for reduction of sentence pursuant to 18 U.S.C. Sec. 3582(c)(2) and retroactive U.S.S.G. Amendment 782.

Defendant Bailey attached an additional exhibit in which Defendant Bailey requested consideration of additional assistance to the Government, and in which Defendant Bailey states:

2

Case No. 8:08-CR-529-T-17MAP

> "....At the last moment in desperation I filed my motion under Sec. 2255 feeling I had no other alternative. Now I am being told by my defense attorney that because I filed a Sec. 2255 you will not motion the Court for a Rule 35. This reaction on your part proves to me that you were never truly informed as regard my substantial assistance in the prosecution of the murderers and drug dealers in Miami. It is irrelevant as to how or why this information was not given to you. I know from the way you treated me previously that you are a fair and honest man. I simply want to apologize for any inconvenience my motion under Sec. 2255 may have caused you and ask you to review my assistance in Miami that occurred after I was sentenced to determine if it warrants consideration for a Rule 35 proceeding. My actions were not a reflection of the agreement we had at sentencing but a reluctant attempt to make you aware of what I had done to assist the government in Miami. I pray you will accept my apology and pursue the truth about my assistance."

Defendant Bailey did not directly assert a claim based on Defendant Bailey's post-sentencing substantial assistance. Because Defendant Bailey is proceeding pro se as to Defendant Bailey's request for consideration of Defendant Bailey's substantial assistance, the Court construes Defendant Bailey's motion liberally. By including the correspondence dated December 18, 2012, Defendant Bailey has indirectly raised an issue as to whether the Government refused to file a Rule 35 Motion in retaliation for Defendant Bailey's Sec. 2255 petition.

Defendant Bailey entered into a Plea Agreement which recognizes that:

> In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Dkt. 61, p. 5).

3

Case No. 8:08-CR-529-T-17MAP

Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion to grant a remedy if they find that the refusal was based on an unconstitutional motive, like race or religion, or was not rationally related to any legitimate Government end. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or even an evidentiary hearing. Judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation. See Wade v. United States, 504 U.S. 181 (1992); United States v. Nealy, 232 F.3d 825 (11th Cir. 2000); United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008)(applying Wade to Rule 35(b) motions)..

In this case, Defendant Bailey claims to have provided post-sentencing substantial assistance. Defendant Bailey further asserts that his then-counsel told him that the Government would not file a Rule 35(b) motion because Defendant Bailey filed a Sec. 2255 petition. This does not suffice to make a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation. When the plea agreement leaves to the prosecutor's sole discretion whether to file a substantial assistance motion, the Court will not review a defendant's claim that the prosecutor refused in bad faith to file such a motion. See United States v. Forney, 9 F.3d 1492, 1502 & note 5.2 (11th Cir. 1993). To the extent that Defendant Bailey's Motion is a request for a Rule 35 reduction of sentence, the Court denies the Motion. Accordingly, it is

Case No. 8:08-CR-529-T-17MAP

**ORDERED** that Defendant Richard George Bailey's Motion for Rule 35 is **denied**, and Defendant Bailey's Motion for a sentence reduction under Amendment 782 is **denied without prejudice**. The Clerk of Court shall provide a copy of this Order to pro se Defendant Richard George Bailey by U.S. Mail.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of September, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Richard George Bailey
#77911-004
COLEMAN LAW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 1031
Coleman, FL 33521